IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JOEL WAYNE ALLEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:18-cv-01107-STA-jay |
| ) | |
| BRANDON WATWOOD, ) | |
| ) | |
| Respondent. ) | |

ORDER DIRECTING CLERK TO MODIFY DOCKET AND SEAL DOCUMENTS,
DENYING § 2254 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner Joel Wayne Allen has filed a *pro se* habeas corpus petition (the "Petition") pursuant to 28 U.S.C. § 2254. (ECF No. 1.) For the following reasons, the Petition is **DENIED**.[1]

BACKGROUND

In 2015, a Benton County, Tennessee, grand jury charged Allen with fifth-offense felony DUI, misdemeanor simple possession of marijuana, and felony driving while declared an habitual motor vehicle offender. (ECF No. 13-1 at 5-8.) The State filed a notice of its intention to seek enhanced punishment and sentencing of Allen as a career offender. (*Id.* at 9-10.)

The case proceeded to a jury trial. During jury selection, the prosecutor questioned potential jurors on various topics. (ECF No. 13-2 at 4-28.) Defense counsel asked the first panel

---

[1] The Clerk is **DIRECTED** to modify the docket to reflect Brandon Watwood as Respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); Fed. R. Civ. P. 25(d). The Clerk is **FURTHER DIRECTED** to place the documents at ECF No. 13-4, 16, and 22-1 under seal, as they contain Petitioner's social security number and other sensitive personal information.

1

of prospective jurors whether they had "any preconceived notion that [Allen] was guilty. (*Id.* at 24.) None indicated that they did. After five individuals were removed and several more directed to particular seats, the prosecutor reiterated his previous inquiries. Defense counsel then asked the potential jurors, "Can you render a verdict knowing that [Allen] is presumed innocent unless he is proven beyond a reasonable doubt to be guilty?" (*Id.* at 27-28.) No juror indicated that they could not do so. From this second round of selection, one juror was replaced and the final jury seated.

The jury returned guilty verdicts on all charges. (ECF No. 13-2 at 140-43.) At sentencing, the trial court found Allen to be a career offender and sentenced him to an effective sentence of 12 years' custody, with release eligibility after service of sixty percent. (ECF No. 13-1 at 17-19.) Defense counsel filed a motion for a new trial alleging, among other things, juror misconduct. (*Id.* at 13-16.) The trial court denied the motion following a hearing. (ECF No. 13-1 at 20-21.)

On direct appeal, Petitioner argued that the evidence was insufficient to convict and that trial counsel provided ineffective assistance during voir dire. (ECF No. 13-5 at 9-13.) The Tennessee Court of Criminal Appeals ("TCCA") rejected both arguments. Petitioner did not file a timely post-conviction petition.

## DISCUSSION

Allen filed the Petition on June 22, 2018. He asserts the sole claim that counsel rendered ineffective assistance during voir dire by asking the potential jurors only one question and failing to ask certain other questions. (ECF No. 1 at 5.) On May 7, 2019, Respondent filed the state court record (ECF No. 13) and his Answer to the Petition (ECF No. 14). He argues that the state appellate court's rejection of the claim survives federal habeas review.

Petitioner did not file a reply during the time allowed for doing so. Instead, he moved for a stay pending his pursuit of a first state post-conviction petition. (ECF No. 16.) The Court granted

2

the motion and held the present case in abeyance pending the outcome of the state petition. (ECF No. 17.) On August 6, 2019, the state petition was dismissed as untimely. (ECF No. 22-1 at 30.) Petitioner did not appeal that ruling. The Court lifted the stay in the instant case on May 5, 2020. (ECF No. 21.) Respondent then supplemented the state court record with copies of the state post-conviction petition and the order dismissing that pleading. (ECF No. 22-1.) He also filed a Supplemental Answer. (ECF No. 23.) In that document, Respondent argues that the claims raised in the state post-conviction petition are procedurally defaulted. On July 20, 2020, Petitioner filed a Reply, insisting that he is entitled to federal habeas relief based on the ineffective assistance of counsel. (ECF No. 26.)

## I. Legal Standards

### A. Federal Habeas Review

The statutory authority for federal courts to issue habeas corpus relief for persons in state custody is provided by § 2254, as amended by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). *See* 28 U.S.C. § 2254. Under § 2254, habeas relief is available only if the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The availability of federal habeas relief is further restricted where the petitioner's claim was "adjudicated on the merits" in the state courts. 28 U.S.C. § 2254(d). In that circumstance, the federal court may not grant relief unless the state-court decision "'was contrary to' federal law then clearly established in the holdings of [the Supreme] Court; or . . . 'involved an unreasonable application of' such law; or . . . 'was based on an unreasonable determination of the facts' in light of the record before the state court." *Harrington v. Richter*, 562 U.S. 86, 100 (2011) (quoting 28 U.S.C. § 2254(d)(1)-(2)) (citations omitted)).

A state court's decision is contrary to federal law when it "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or when "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at" an "opposite" result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). An unreasonable application of federal law occurs when the state court, having invoked the correct governing legal principle, "unreasonably applies the . . . [principle] to the facts of a prisoner's case." *Id.* at 409.

For purposes of § 2254(d)(2), a state court's "factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). The Sixth Circuit construes § 2254(d)(2) in tandem with § 2254(e)(1) to require a presumption that the state court's factual determination is correct in the absence of clear and convincing evidence to the contrary. *Ayers v. Hudson*, 623 F.3d 301, 308 (6th Cir. 2010) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)). A state court's factual findings are therefore "only unreasonable where they are 'rebutted by clear and convincing evidence and do not have support in the record.'" *Moritz v. Woods*, 692 F. App'x 249, 254 (6th Cir. 2017) (*quoting Pouncy v. Palmer*, 846 F.3d 144, 158 (6th Cir. 2017)) (internal quotation marks omitted).

Before a federal court will review the merits of a claim brought under § 2254, the petitioner must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To be properly exhausted, a claim must be "fairly presented" through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).

The exhaustion requirement works in tandem with the procedural-default rule, which generally bars federal habeas review of claims that were procedurally defaulted in the state courts.

4

*Id.* at 848.  A petitioner procedurally defaults his claim where he fails to properly exhaust available remedies (that is, fails to fairly present the claim through one complete round of the state's appellate review process), and he can no longer exhaust because a state procedural rule or set of rules have closed off any "remaining state court avenue" for review of the claim on the merits. *Harris v. Booker*, 251 F. App'x 319, 322 (6th Cir. 2007).  Procedural default also occurs where the state court "actually . . . relied on [a state] procedural bar as an independent basis for its disposition of the case." *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985).  To cause a procedural default, the state court's ruling must "rest[] on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991) (citing *Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935); *Klinger v. Missouri*, 80 U.S. 257, 263 (1871)).

A petitioner will be entitled to federal court review of the merits of a claim that was procedurally defaulted if he demonstrates "cause for the default and actual prejudice as a result of the alleged violation of federal law[.]" *Id.* at 750.  The ineffectiveness of post-conviction trial counsel may be cause to excuse the default of a substantial ineffective-assistance-of-trial-counsel claim. *Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (citing *Martinez v. Ryan*, 566 U.S. 1, 14, 16-17 (2012)).  A claim is substantial if it has "some merit." *Martinez*, 566 U.S. at 14.

A petitioner may also overcome his procedural defaults by establishing a "gateway" claim of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 315 (1995).  To open the gateway, a prisoner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial." *Id.* at 324.  He must also show that, in light of the new evidence, "it is more likely than not that no reasonable juror would have convicted him."  *Id.* at 327.

5

### B. Ineffective Assistance of Counsel

A claim that an attorney's ineffective assistance has deprived a criminal defendant of his Sixth Amendment right to counsel is controlled by the standards stated in *Strickland v. Washington*, 466 U.S. 668 (1984). *Pollini v. Robey*, 981 F.3d 486, 493 (6th Cir. 2020), *cert. denied*, No. 20-7918, 2021 WL 2519379 (U.S. June 21, 2021). To succeed on such a claim, a petitioner must demonstrate two elements: (1) "that counsel's performance was deficient"; and (2) "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

To establish deficient performance, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. A court considering a claim of ineffective assistance must apply "a strong presumption" that the attorney's representation was "within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted).

An attorney's "strategic choices" are "virtually unchallengeable" if based on a "thorough investigation of law and facts relevant to plausible options . . . ." *Id.* at 690-91. "[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.*

To demonstrate prejudice, a petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the

outcome." *Id.* "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 693) (citations omitted). Instead, "[c]ounsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Id.* (quoting *Strickland*, 466 U.S. at 687).

The deference to be accorded a state-court decision under 28 U.S.C. § 2254(d) is magnified when a federal court reviews an ineffective assistance claim:

> Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id.* at 105.

## II.    Claims Presented in Untimely Post-Conviction Petition

As noted, Petitioner filed a state post-conviction petition after initiating the instant case. In that pleading, he raised the following claims: "Sufficiency of the evidence, Ineffective Assistance of trial and appellate counsel's [sic]; Juror misconduct because two Jurors did not answer truthfully about (D.U.I.) previous Offenses of themselves or their family member's [sic], thus in which Petitioner's right to a fair and impartial trial by jury was violated and/or infringed[;] [and] Excessive sentencing due to the concurrency of the sentences during the same criminal episode." (ECF No. 22-1 at 5.) Petitioner's state pleading was dismissed as untimely (*id.* at 30), and he did not appeal that decision. He also did not seek from this Court leave to amend the Petition to add new claims raised in the state petition. Any such claims are therefore not before the Court.[2]

---

[2] Even if Allen had sought and been granted leave to amend the Petition to add those claims, they still would not be properly subject to federal habeas review. As Respondent points out, the claims are procedurally defaulted. Petitioner does not assert cause and prejudice to excuse the defaults or actual innocence to overcome them.

7

### III. Ineffective Assistance Claim

Petitioner asserts that counsel rendered ineffective assistance during voir dire. He argues that counsel "fail[ed] to ask more than one (1) question to each venire and . . . fail[ed] to ask any questions specific to the Petitioner's charges, the jurors' potential knowledge of the charges, the jurors' potential knowledge of the Petitioner or the specifics of the case[,] [or] their potential knowledge of or relationships with the judge, prosecutor, witnesses, or police[.]"[3] (ECF No. 1 at 5.) Petitioner raised the claim before the TCCA, arguing that counsel's alleged deficient performance at voir dire prejudiced him in that he was "not . . . tried by an impartial jury of his peers." (ECF No. 13-5 at 13.) The state appellate court denied the claim. (ECF No. 13-7.) Respondent argues that the TCCA's decision meets the AEDPA's deferential standards. The Court agrees.

"Questions on voir dire must be sufficient to identify prospective jurors who hold views that would prevent or substantially impair them from performing the duties required of jurors." *Jackson v. Houk*, 687 F.3d 723, 735 (6th Cir. 2012) (citing *Morgan v. Illinois,* 504 U.S. 719, 734–735 (1992)). An attorney's questioning of potential jurors during voir dire "is . . . accorded particular deference," and counsel's "actions during *voir dire* are considered to be matters of trial strategy." *Hughes v. United States*, 258 F.3d 453, 457 (6th Cir. 2001) (citing *Nguyen v. Reynolds*,

---

[3] Petitioner also posits that counsel's ineffective assistance during voir dire extended to his failure to ask the potential jurors about "their attitudes, prejudices, or preconceptions with regard to criminal defendants, trials, law enforcement, or law and order in general," or "ask any of the questions used in common practice to determine which jurors would or would not be appropriate for the jury who would later decide the Petitioner's fate." (ECF No. 1 at 5.) Petitioner did not raise these issues in his direct appeal brief. (*See* ECF No. 13-5 at 11.) Respondent argues that the issues are barred from federal habeas review because they are procedurally defaulted. (ECF No. 14 at 12.) The Court agrees, as the time for raising them in the state court has expired. *See* Tenn. Code Ann. § 40-30-102(a). And, because Petitioner does not allege cause and prejudice to excuse the defaults, or actual innocence to overcome them, those issues are not properly before the Court.

8

131 F.3d 1340, 1349 (10th Cir. 1997)). "A strategic decision cannot be the basis for a claim of ineffective assistance unless counsel's decision is shown to be so ill-chosen that it permeates the entire trial with obvious unfairness." *Id.* "To maintain a claim that a biased juror prejudiced him, [a petitioner] must show that the juror was actually biased against him." *Id.* at 458 (citing *Smith v. Phillips,* 455 U.S. 209, 215 (1982) and *Goeders v. Hundley,* 59 F.3d 73, 75 (8th Cir. 1995)).

In addressing Allen's ineffective assistance claim, the TCCA cited to *Strickland* and applied its two-part test to the trial court record. (ECF No. 13-7 at 5-6.) The court reviewed "the transcript of voir dire [and found] that the State asked questions about the potential jurors' relationships and conflicts with the Defendant as well as whether any of them or their family members had been charged with driving under the influence." (*Id.* at 6.) The TCCA held, therefore, that the record "suggest[ed] a reasonable action on the part of counsel to not immediately rehash the same topics." (*Id.*) Moving on to *Strickland*'s second prong, the court found that "there [was] no proof that the supposedly inadequate voir dire actually resulted in a biased jury." (*Id.*) The TCCA concluded that Petitioner "failed to show that counsel rendered deficient performance or that he was prejudiced by any alleged deficiency." (*Id.*)

The TCCA's decision survives each deferential AEDPA standard. Firstly, the decision is not contrary to clearly established Supreme Court law because, as indicated above, the state court identified and applied the standards announced in *Strickland*. *See Williams*, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case would not fit comfortably within § 2254(d)(1)'s 'contrary to' clause.").

Secondly, the TCCA's decision is not based on unreasonable factual determinations. Petitioner has not identified any clear and convincing evidence in the record to undermine the

9

appellate court's finding that the prosecutor asked questions "about the potential jurors' relationships and conflicts with the Defendant as well as whether any of them or their family members had been charged with driving under the influence." (ECF No. 13-7 at 6.) This Court's own review of the voir dire transcript shows that the State did, in fact, pose those questions to the potential jurors, and also asked them about their knowledge of or relationship to the prosecutor, the arresting officer, and defense counsel. (ECF No. 13-2 at 10, 13-14, 22-24, 26-27.) As for the absence of evidence of prejudice—that is, evidence suggesting that any juror was actually biased against Allen—Petitioner has not pointed to clear and convincing evidence to suggest that the record contains evidence of such bias. This Court's review of the state court record reveals none.[4]

Thirdly, the TCCA did not unreasonably conclude that counsel did not perform deficiently and that Petitioner was not prejudiced by counsel's allegedly deficient performance. Counsel's decision not to repeat inquiries already presented by the prosecutor is entitled, under *Strickland*, to the presumption that it represents reasonable trial strategy. Petitioner has not overcome that presumption. What is more, in light of the absence of proof relating to any prejudicial effect of

---

[4] As noted *supra*, counsel's motion for a new trial included an allegation of juror misconduct. In the procedural background portion of the Petition, Allen asserts that the "misconduct" stemmed from "two jurors . . . not answer[ing] truthfully about DUI convictions of themselves or their family members, thus the Petitioner's right to an impartial jury was infringed." (ECF No. 1 at 3.) Following a hearing, the trial court found that Allen's constitutional rights had not been infringed. (ECF No. 13-1 at 21.) The transcript of that proceeding does not appear in the state appellate record and Petitioner does not argue in the present case that evidence from that hearing would show actual bias resulting from counsel's alleged deficient performance during voir dire. Because the transcript was not before the TCCA at the time it rendered its decision, this Court cannot consider any proof that might have been presented at that hearing. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (a federal habeas court's review of a claim under § 2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits").

counsel's alleged deficient performance during voir dire, the state appellate court's conclusion that Allen failed to establish prejudice was not an unreasonable application of *Strickland*. *See Smith v. Westbrooks*, No. 2:13-CV-132-JRG-MCLC, 2016 WL 5724321, at *12 (E.D. Tenn. Sept. 30, 2016) ("no prejudice ensued" from counsel's alleged deficient performance during voir dire where "there was no evidence of actual bias and, hence, no constitutionally viable claim that Petitioner was denied his right to an impartial jury"), *cert. of appealability denied, Smith v. Westbrook*, No. 16-6548, 2017 WL 4900453, at *1 (6th Cir. Apr. 12, 2017).

In sum, the TCCA's decision rejecting Petitioner's claim that counsel provided ineffective assistance during voir dire was not contrary to clear established federal law, based on unreasonable factual determinations, or the result of an unreasonable application of clearly established federal law. The Petition's sole claim is therefore without merit and is **DENIED**.

For the foregoing reasons, the Petition is **DENIED**. Judgment shall be entered for Respondent.

## APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Petition. Because any appeal by Petitioner does not deserve attention, the Court **DENIES** a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore **DENIED**.[5]

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 30, 2023.

---

[5] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.